**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH M. STERN, | No. 11-55436 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01986-DMG-PLA |
| v. | |
| ROBERT WEINSTEIN; SARA ANN WEINSTEIN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 7, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District Judge.[**]

Kenneth Stern appeals the district court's (1) grant in part of defendants

Robert Weinstein and Sara Weinstein's Rule 12(b)(6) motions to dismiss;

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark L. Wolf, Senior District Judge for the U.S. District Court for the District of Massachusetts, sitting by designation.

(2) denial of Stern's motion to amend the complaint; (3) grant of summary judgment to the defendants on the remaining copyright claims; (4) award of attorneys' fees under the Copyright Act; and (5) denial of Stern's application to recuse District Court Judge Gee. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1. The district court did not err in granting defendants' Rule 12(b)(6) motions to dismiss with respect to Stern's invasion of privacy claim under article I, section 1 of the California Constitution. To be actionable under the California Constitution, "invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 655 (Cal. 1994). There is no factual or legal support for Stern's contention that the disclosure of his listserv post rises to this high standard.

2. The district court also properly granted defendants' motions to dismiss with respect to Stern's claims under the Computer Fraud and Abuse Act (CFAA), the Stored Communications Act (SCA), and California Penal Code § 502(c)(3). Because Stern alleged that Robert Weinstein had permission to access

---

[1]Stern's motions to certify a question to the California Supreme Court and to strike Robert Weinstein's excerpts of record are denied.

the listserv, Robert Weinstein did not access a computer "without authorization" or "exceed[] authorized access" in violation of 18 U.S.C. § 1030(a) (CFAA), nor did he "access[] without authorization" or "exceed[] an authorization to access" a computer in violation of 18 U.S.C. § 2701(a) (SCA).  This is true even if Robert Weinstein violated restrictions on the use of the information he accessed by forwarding the post to Sara Weinstein.  *See United States v. Nosal*, 676 F.3d 854, 863-64 (9th Cir. 2012) (en banc); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. 2009).  Stern does not contend that California Penal Code § 502(c)(3), which prohibits "[k]nowingly and without permission us[ing] or caus[ing] to be used computer services," should be construed any differently than the CFAA and the SCA.

Because Robert Weinstein did not commit an underlying violation, Sara Weinstein cannot be liable under any theory of derivative liability.  With respect to direct liability, Stern's unadorned allegations that Sara Weinstein gained, was given, was permitted, or was provided with unauthorized access to the listserv server "amount to nothing more than a 'formulaic recitation of the elements,'" of the causes of action at issue here.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  They are thus insufficient to survive a motion to dismiss.  *Id*.

3

3. The district court did not abuse its discretion in denying Stern's motion to further amend his complaint to add claims for theft, receiving stolen property, and violations of California Business and Professions Code § 17200. Stern had twice previously amended the complaint, his requests to amend were procedurally improper, and his proposed amendments would have been futile. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

4. The district court did not err in granting summary judgment on Stern's copyright claims. Stern's post is not copyrightable because it lacks the "modicum of creativity" necessary to satisfy the originality requirement of the Copyright Act. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991) ("[O]riginality requires independent creation plus a modicum of creativity."); *see also* 17 U.S.C. § 102(a) ("Copyright protection subsists . . . in original works of authorship . . ."). Because we conclude that Stern's post is not copyrightable, we do not reach the district court's alternative holding that the defendants' use was fair.

5. The district court did not abuse its discretion in awarding attorneys' fees under the Copyright Act. *See* 17 U.S.C. § 505. The defendants' success was total, Stern's claims were not objectively reasonable, and an award of attorneys' fees in this case would deter unjustified lawsuits without undermining the value of

4

copyright protection. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614-15 (9th Cir. 2010).

6.     Nor did the district court abuse its discretion in denying Stern's application to recuse Judge Gee. The conduct complained of did not stem from an extrajudicial source and falls far short of "display[ing] such a deep-seated favoritism or antagonism . . . as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

7.     Stern contends on appeal that his complaint states a claim for breach of confidentiality under California law. Because Stern did not adequately raise this argument before the district court and the district court did not decide it, we decline to resolve the question for the first time on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998-99 (9th Cir. 2012).

     **AFFIRMED**.